## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOSEPH COX, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-16-6-M** |
| | ) | |
| **MOBILEX USA; ELLIOT WAGNER,** | ) | |
| **M.D./L.E., Radiologist;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has brought this action under 42 U.S.C. § 1983, alleging violations of his rights under the United States Constitution. United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters, as referenced in 28 U.S.C. § 636(b)(1)(B) and (C).

Before the Court is Defendant Mobilex USA's (Mobilex) Motion to Dismiss **(ECF No. 28)**. For the reasons discussed below, the undersigned recommends the Court **GRANT** Defendant's Motion and **DISMISS** the action without prejudice for lack of venue. With the dismissal, Defendant Wagner's Special Appearance and Motion to Quash Service of Process **(ECF No. 23)** would be rendered **MOOT**.

## I.    BACKGROUND/ISSUES PRESENTED

Mr. Cox alleges that on July 18, 2012 he was the victim of a "brutal hate crime" and was beaten and severely injured while incarcerated in the Osage County Jail. (ECF Nos. 1:2, 8). To assess Plaintiff's injuries, jail officials arranged x-rays of Plaintiff's back and face. (ECF No. 1:2-3, 1-5). The x-rays were taken on August 9, 2012 at the Osage County Jail via a mobile x-ray unit provided by Mobilex (ECF Nos. 1:2-3 & 28-3:11). The images from the machine were then transmitted to radiologist Dr. Elliot Wagner who interpreted the x-rays and rendered findings in two reports. (ECF Nos. 1:2-3, 1-5, 1-7). On August 28, 2012, Plaintiff received the first report, dated August 9, 2012, which concerned the lumbar spine x-ray. (ECF No. 1:3, 5). The report stated:

> Results: No fracture or bony destructive lesion is seen of the lumbar spine. The vertebral bodies demonstrate normal height and alignment. There is mild degenerative osteophytic spurring.
>
> Conclusion: Mild Osteoarthritis of the lumbar spine.

(ECF Nos. 1-5, 1-7).

Mr. Cox believed that the full extent of his injuries had not been reflected in the report. Instead, he believed Dr. Wagner had rendered an "incomplete fraudulent Radiology report," and wrote the physician a letter expressing his concerns. (ECF No. 1:3). Plaintiff then contacted his aunt regarding his belief and she sent Dr. Wagner a $200.00 money order inside of a second letter written by Mr. Cox "to take a second look." (ECF No. 1:4). The letters were written to Dr. Wagner at the Mobilex address in Texas, as listed on the x-ray report. *See* ECF No. 1:3-4. Sometime later, Plaintiff

received Dr. Wagner's second report regarding the facial x-ray. The report was dated August 28, 2012 and stated:

> The osseous structures are unremarkable including grossly intact orbital rims. Maxillary sinuses are unremarkable. No blowout fracture is seen.

(ECF No. 1-11).

On January 29, 2013, Plaintiff arrived at Lexington Assessment Reception Center (LARC).[1] During an initial intake at LARC, Plaintiff states that a nurse noticed that he had a "deformed face" and notified a doctor "for further determination." (ECF No. 1:6). On August 28, 2013 and March 19, 2014, MRIs of Plaintiff's back were taken. (ECF Nos. 1-23, 1-26). Mr. Cox believes the findings from the MRIs showed: (1) "all the many crippling and painful serious injury that Dr. Elliot Wagner and Mobilex U.S.A. failed to competently list in the Radiology report" and (2) that Dr. Wagner falsified his reports "with deliberate, malicious, and criminal intent" to conceal the injuries Plaintiff received during the hate crime beating. (ECF No. 1:6-8, 10).

As grounds for relief, Plaintiff alleges liability based on: (1) violations of the Fifth, Eighth, and Fourteenth Amendments, (2) violations of Due Process and Equal Protection, (3) concealment of human rights violations, (4) medical malpractice, (5) fraud in fabricating the x-ray reports, (6) transmitting fraudulent communication by satellite transmission in violation of the F.C.C., (7) a violation of interstate commerce for "fraudulently receiving paid services by U.S. postal money order," and (8) false imprisonment. (ECF No. 1:7-9). Mr. Cox also alleges that Defendant Mobilex is "a liable

---

[1] *See* ECF No. 17-2, *Cox v. State of Oklahoma*, Case No. CIV-862-F (W.D. Okla. Sept. 10, 2015).

entity through which the technical radiographic diognosis [sic] was performed." (ECF No. 1:7). Plaintiff seeks monetary relief. (ECF No. 1:10).

## II.  DEFENDANT'S MOTION TO DISMISS/STANDARD OF REVIEW

Citing Fed.R.Civ.P. 12(b)(3), Defendant Mobilex has filed a Motion to Dismiss the Complaint based on improper venue. *See* (ECF No. 28:13-15).[2] According to Mobilex, the events giving rise to the Complaint occurred in Osage County, which lies in the Northern District of Oklahoma. (ECF No. 28:13-15). As a result, Defendant Mobilex argues that the case should be dismissed due to a lack of venue in the Western District of Oklahoma. The Court should conclude that venue is not proper in this Court, and dismissal is appropriate.

The plaintiff bears the burden of proving proper venue. *See Pierce v. Shorty Small's of Branson,* 137 F.3d 1190, 1192 (10th Cir. 1998). In assessing whether a plaintiff has met this burden, the facts alleged in a plaintiff's complaint are taken as true, but only to the extent they are uncontroverted by the defendant's evidence. *See id.* In reviewing dismissals for improper venue, the Court may consider evidence outside the complaint such as a defendant's affidavits. *See id.* The Court's consideration of evidence outside the pleadings does not require converting the Rule 12(b)(3) motion to one for summary judgment. *See Continental Cas. Co. v. American Nat'l Ins. Co.,* 417 F.3d 727, 733 (7th Cir. 2005) ("Under Rule 12(b)(3), the district court was not obligated

---

[2]  Mobilex also argues that dismissal is proper because: (1) the claims are time-barred, (2) Plaintiff fails to state a claim upon which relief can be granted, (3) Plaintiff fails to state a civil rights claim, and (4) Mr. Cox failed to attach an affidavit of expert consultation. (ECF No. 28:15-33). Because dismissal due to lack of venue is proper, the Court need not address Defendant's other arguments.

to limit its consideration to the pleadings nor to convert the motion to one for summary judgment."); *Topliff v. Atlas Air, Inc.,* 60 F. Supp. 2d 1175, 1176 (D. Kan. 1999) ("The court has found nothing in the Federal Rules of Civil Procedure that makes Rule 56 applicable to motions filed under Rule 12(b)(2) and (3) when matters outside of the pleadings are presented.").

## III. THE PROPRIETY OF VENUE IN THE WESTERN DISTRICT OF OKLAHOMA

### A. Statutory Basis for Venue

The applicable venue statute provides:

> A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Court should conclude that venue is proper under § 1391(b)(2), but not in the Western District of Oklahoma.

### B. Consideration of Venue Under § 1391(b)(1)

Defendant Mobilex argues that venue cannot be based on 28 U.S.C. § 1391(b)(1) because neither Defendant: (1) resides in this judicial district or (2) is a resident of the State of Oklahoma. (ECF No. 28:13-14). The Court should agree.

In his Complaint, Plaintiff alleges that Defendant Mobilex is a "company and or entity" in Texas and Defendant Elliot Wagner is a citizen of the State of Texas. (ECF No. 1:1). Plaintiff's own allegations support a lack of venue in the Western District of

Oklahoma under § 1391(b)(1). However, further evidence exists which eliminates venue under (b)(1) in this Court. In support of his Motion to Quash Service of Process, Dr. Elliot Wagner submitted an affidavit stating that he is a citizen and resident of the State of New York and is not a citizen or resident of the State of Texas. (ECF No. 23-1). The known residency of Defendant Wagner alone is enough to defeat venue in the Western District of Oklahoma under § 1391(b)(1).[3] *See Pierce*, 137 F.3d at 1192 (affirming an order of dismissal based on defendant's affidavit evidence that controverted the statutory bases for venue in light of plaintiff's failure to present any evidence in response.).

## C.    Consideration of Venue Under § 1391(b)(2)

Next Defendant Mobilex argues that under 28 U.S.C. § 1391(b)(2), venue is proper in the Northern District of Oklahoma because the events which gave rise to Plaintiff's Complaint occurred while he was incarcerated in the Osage County Jail, which lies within that district. (ECF No. 28:14-15). The Court should reject this theory however, because Plaintiff does not allege that any of his grounds for relief occurred in Osage County.

As discussed, x-rays were performed using Mobilex equipment, while Mr. Cox was incarcerated in the Osage County Jail. After the x-rays were taken, the images

---

[3]    It its Motion to Dismiss, Defendant Mobilex states that Plaintiff's allegation regarding Mobilex's status as a "Texas entity" is "not technically correct." (ECF No. 28:13). Although service was properly effectuated on Mobilex in Carrolton, Texas (*see* ECF No. 15), the Court presumes that Mobilex's reference to the "technical" defect in Plaintiff's allegation hinges on its status as a corporation or other legal entity. Mobilex does not give any information regarding its "technical residency," but none is necessary, based on the evidence which clearly establishes that Defendant Wagner is a resident and citizen of the State of New York.

were transmitted to Dr. Wagner for interpretation. Mr. Cox alleges that in an effort to conceal the hate crime which had been committed against him, Dr. Wagner falsified the reports and then fraudulently transmitted them to Plaintiff who *received* them at the Osage County Jail. But Mr. Cox does not allege any wrongdoing by the x-ray technician or any jail officials. Thus, the Court should not conclude that a substantial part of the events giving rise to the claim occurred in Osage County. Instead, Mr. Cox's allegations and other evidence indicate two other possibilities for venue under § 1391(b)(2), neither of which is in Oklahoma.

First, Mr. Cox makes three statements which indicate a belief that Dr. Wagner was operating in Texas when he committed the alleged violations. First, after reviewing Dr. Wagner's allegedly falsified reports, Mr. Cox made his complaints known in two letters which he wrote to Dr. Wagner at the Mobilex address in Texas. (ECF No. 1:3-4). Second, in response to Defendant Wagner's Special Appearance and Motion to Quash Service of Process, Plaintiff plainly stated: "Elliott Wagner electronically signed off on Radiology Reports for Mobilex USA at the location listed on that Tx Final Report being Southwest Region, 2700 Research Drive, Plano, Tx, 75074." (ECF No. 25:2). Third, Plaintiff alleges that Dr. Wagner committed a violation of "interstate commerce" when he accepted a money order inside of a letter which Mr. Cox sent to Dr. Wagner at the Texas address. (ECF No. 1:4, 7). Mr. Cox's own allegations indicate that he believes that Dr. Wagner's wrongdoing was committed by the physician, in the State of Texas. But Defendant Wagner's affidavit regarding his residency and citizenship in the State of

New York raises an additional possibility—that he had committed the alleged wrongdoing while in that state.

At the very least, Mr. Cox fails to allege that the events occurred in Oklahoma. Instead, and in response to the Motion to Dismiss, Plaintiff argues that Dr. Wagner's status as an "employee" of the State of Oklahoma renders him subject to this Court's jurisdiction. (ECF No. 32:5). But even if Mr. Cox could establish personal jurisdiction over either Defendant, "[p]ersonal jurisdiction. . . does not render venue proper in any state. To the contrary, venue is determined solely by statute." *National Occupational Health Services, Inc. v. Advanced Industrial Care*, 50 F. Supp. 2d 1111, 1118-1119 (N.D. Okla. 1998).

Also, Plaintiff argues that venue is proper in this Court because: (1) he is currently incarcerated in James Crabtree Correctional Center (JCCC) in Helena, Oklahoma, which lies within this judicial district and (2) JCCC is where Plaintiff alleges "criminal acts committed against him are still being Enforced Due to the improper medical treatment or lack of such treatment." (ECF No. 32:5). Mr. Cox's arguments are not convincing. First, a plaintiff's convenience is irrelevant in determining whether venue is proper in a district where plaintiff contends his claims arose. *Leroy v. Great W. United Corp.,* 443 U.S. 173, 185 (1979). Also, Mr. Cox's allegations that he is continuing to suffer do not constitute a "substantial part of the events giving rise to the claim." *See Whiting v. Hogan*, 855 F.Supp.2d 1266, 1286 (D. N.M. Feb. 28, 2012) ("The fact that [the plaintiff] alleges to have suffered from his injuries after returning to Illinois does not constitute a substantial part of the events or omissions giving rise to the claim.")

(internal citation and quotation marks omitted). Additionally, the Court should refuse to consider any new claims that Plaintiff may have attempted to assert in his response to the Motion to Dismiss. Plaintiff has not sued anyone at JCCC nor did his Complaint contain any allegations that he had been denied medical treatment. *See Turner v. McKune*, 2001 WL 1715793, *3 n.1 (D. Kan. 2001) (holding that the court will not consider new claims which plaintiff did not include in his complaint and presented for the first time in a response brief).

The gist of Mr. Cox's Complaint is he believes that: (1) Dr. Wagner committed various violations after the physician received the images via satellite from the Mobilex x-ray machine and (2) Mobilex is liable under a theory of respondeat superior for employing Dr. Wagner.[4] Based on the allegations in the Complaint and Dr. Wagner's affidavit concerning his residency and citizenship, the substantial events giving rise to the action either occurred in New York or Texas.[5] Either way, it is clear that none of the events occurred in the Western District of Oklahoma and Plaintiff has failed to meet his burden to prove otherwise.

---

[4] *See* ECF No. 1:7 ("Mobilex U.S.A. [i]s a liable entity through which the technical radiographic diognosis [sic] was performed. Is responsible for the trained professional specialized ability of its radiologist to identify and competently determine radiographic images for a correct and complete assessment [sic] of those test, to determine injury or medical impairment.")

[5] Indeed, under § 1391(b)(2), more than one district may qualify as the location of substantial events. *See* David D. Siegel, *Changes in Federal Jurisdiction and Practice Under the New (Dec. 1, 1990) Judicial Improvements Act,* 133 F.R.D. 61, 71 (1991) ("The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as 'substantial' activities took place in A, too.").

**D.     Consideration of Venue Under § 1391(b)(3)**

Venue is only proper under 28 U.S.C. § 1391(b)(3) if "there is no district in which the action may otherwise be brought." Legal commentaries make clear that this phrase is a condition precedent for venue under this clause. *See* 28 U.S.C.A. § 1391(a)(3), commentary at 11 (West 1993) ("[P]laintiff can turn to clause (3) only if there is no district that will satisfy as proper venue under clause (1) or clause (2)."). As discussed, Mr. Cox's allegations and other evidence indicate that venue would be proper under § 1391(b)(2), in a judicial district in either Texas or New York, where a substantial part of the events giving rise to his Complaint allegedly occurred. Accordingly, venue is not proper in this Court under 28 U.S.C. § 1391(a)(3).

## IV.     DISMISSAL FOR LACK OF VENUE

Based on the lack of venue, the district court has the discretion to dismiss or to transfer Mr. Cox's case. *See Doering ex rel. Barrett v. Copper Mtn., Inc.,* 259 F.3d 1202, 1209 n.3 (10th Cir. 2001) ("The district court had the authority either to dismiss or transfer the case for improper venue"); 28 U.S.C. § 1406(a) (stating that the district court "shall dismiss" a case filed in an inappropriate venue unless it finds the interests of justice would be served by transfer). As discussed, under 28 U.S.C. § 1391(b)(2), venue would be proper outside the Western District of Oklahoma—in either New York or Texas.

With regard to actions that potentially arise out of events in multiple states, the United States Supreme Court has instructed:

> in the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (*but* not of the plaintiff)—may be assigned as the locus of the claim.

*Leroy v. Great W. United Corp.,* 443 U.S. 173, 185 (1979).

Clearly the events giving rise to Mr. Cox's action occurred outside of the Western District of Oklahoma. As discussed, Mr. Cox's allegations and other evidence point to either New York or Texas as the states in which the substantial events giving rise to the action occurred. But without more information regarding where, exactly, the events occurred, the Court should dismiss, rather than transfer, Mr. Cox's Complaint. The burden was on Mr. Cox to prove that venue was proper in the Western District of Oklahoma. He has failed to do so and on that basis, the Court should dismiss the Complaint without prejudice. *See Pierce,* 137 F.3d at 1192; 28 U.S.C. § 1406(a).

## V.  RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should **GRANT** Defendant Mobilex's Motion to Dismiss **(ECF No. 28)** for lack of venue and dismiss Plaintiff's Complaint (ECF No. 1) without prejudice. With the dismissal, Defendant Wagner's Special Appearance and Motion to Quash Service of Process **(ECF No. 23)** would be rendered **MOOT.**

The parties are hereby advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **September 2, 2016.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation

waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI.   STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues currently referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on August 16, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE